# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | |
|---|---|
| **RUPERT STAMPS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )     **Civil Action No. CBD-17-830** |
| | ) |
| **PARIS CAPALUPO, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM OPINION</u>

Before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion")(ECF 63).  The Court has reviewed Defendant's Motion and the opposition thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons set forth below, the Court GRANTS Defendant's Motion.

### I.  Factual Background

The gist of Plaintiff's claims arise from his detention pursuant to an arrest warrant issued by a state judge for armed robberies which occurred on August 14 and November 14, 2014.  At the time of Plaintiff's arrest his cell phone was taken and later provided to Defendant who was the lead detective investigating the robberies.  At Plaintiff's trial, the State used cell phone records and associated location data from Plaintiff's phone to obtain a conviction.

While Plaintiff's appeal was pending, he filed a motion for a hearing under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), a Supreme Court decision entitling a criminal defendant to a hearing to determine if a police officer's affidavit in support of an arrest or search warrant included knowingly false incriminating information.  At the criminal trial, Plaintiff did not seek a

<u>Franks</u> hearing. The trial court denied Plaintiff's request for this untimely sought collateral <u>Franks</u> hearing. The denial was affirmed on appeal. Similarly, Plaintiff's conviction on appeal was affirmed.

Plaintiff now seeks relief in this Court claiming that his Fourth Amendment constitutional rights were violated when he was arrested without probable cause and when his cell phone was searched without a warrant. Plaintiff asserts that Defendant did not provide truthful information in pursuit of any arrest or search. Plaintiff's claims are based upon Title 42 U.S.C. 1983.

## II.  Standard of Review

The standard for review is set forth in the Federal Rules, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to challenge the motion "the party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" <u>Bouchat v. Baltimore Ravens Football Club, Inc.</u>, 346 F.3d 514, 525 (4th Cir. 2003)(alteration in original). The Court is required to view the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences in his favor without weighing the evidence or assessing the witness' credibility. <u>Dennis v. Columbia Colleton Med. Ctr., Inc.</u>, 290 F.3d 639, 644-45 (4th Cir. 2002). Not any factual dispute will defeat a motion for summary judgment, the requirement is that there be no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

III. **Analysis**

  a. **Plaintiff's claims are barred by collateral estoppel.**

Defendant contends that Plaintiff had ample opportunity to raise the concerns which are the basis of this litigation, namely that the seizure of his phone and the subsequent search was unlawful. Defendant contends that Plaintiff's claims are barred by the doctrine of collateral estoppel. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Collins v. Pond Creek Mining Co., 468 F.3d 213, 217 (4th Cir. 2006). Collins sets forth five elements that must satisfied:

1) that the issue sought to be precluded is identical to the one previously litigated;

2) that the issue was actually determined in the prior proceeding;

3) that the issue's determination was "a critical and necessary part of the decision in the prior proceeding;"

4) that the prior judgment is final and valid; and

5) that the party against whom collateral estoppel is asserted "had a full and fair opportunity to litigate the issue in the previous forum."

Id. Defendant contends, and the Court agrees, that the issue of whether Plaintiff's person and property were lawfully seized and/or searched was litigated in prior proceedings before the state trial and appellate courts.

Under criminal procedural law there is a specified time to challenge a supporting affidavit with respect to an arrest or search warrant. This occurs before the criminal trial by way of a Franks hearing. Plaintiff conceded these issues by waiver and cannot resurrect them here. Plaintiff had a "full and fair" opportunity to litigate these issues. The contents of Plaintiff's phone records, as well as the location data associated with his phone, made up a core component

of the evidence resulting in a guilty finding.  Not only has Defendant established the doctrine of

collateral estoppel by way of the original criminal proceeding, but should there be any doubt, the

appellate decision provides clarity.  <u>See</u> the Maryland Court of Special Appeals July decision

(the "July CSA Decision")(ECF No. 63-3).

At issue was Plaintiff's right to a <u>Franks</u> hearing regarding the legitimacy of the warrant

"supported by an affidavit containing materially false statements of fact.  He further asserted that

when he was arrested on that warrant, some of his personal belongings were improperly seized

and that one of those items, a cell phone, was introduced as evidence at his trial. . . ."  July CSA

Decision 2.  This issue is directly on point with the concerns raised here.  To rule otherwise will

do violence to, and is a direct assault upon, the decisions of the state courts which have

considered this issue.  To find otherwise on this record would be a direct contravention of the

core principle of the doctrine of collateral estoppel.

**b.      Plaintiff cannot overcome the <u>Heck</u> Doctrine.**

Plaintiff was convicted of conspiracy to commit armed robbery.  Said convictions were

reviewed and upheld on appeal.  <u>See</u> the Maryland Court of Special Appeals February decision

(the "February CSA Decision")(ECF No. 63-1).  Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.

Ct. 2364, 129 L. Ed. 2d. 383 (1994), Plaintiff cannot pursue this present claim.

Plaintiff is seeking to recover for a constitutional tort under 18 U.S.C. 1983.  In <u>Heck</u>, the

court expressly held that

> In order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a §1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus ….

Id. at 486-87.  Plaintiff does not have a cognizable claim.  There is no record that renders his

conviction invalid.  Instead of a reversal on direct appeal, Plaintiff's conviction was affirmed.

Like the doctrine of collateral estoppel, the Heck decision eviscerates Plaintiff's claim for

compensation.

   **c. It is clear Defendant had lawful authority to seize and search Plaintiff's cell phone.**

   Plaintiff contends that the State, by way of Defendant, did not have authority to search

his cell phone as Defendant did not have a warrant to do so.  Plaintiff is factually mistaken.

   As an initial matter, the Court will incorporate the discussion set forth above regarding

Plaintiff's waiver of this issue in the application of collateral estoppel preventing his attempt to

do so here.  Even if the Court were to consider the merits of Plaintiff's argument, it is just not

based on fact.

   Plaintiff was arrested on the basis of a lawfully issued warrant and the phone was taken

from his person at the time of his arrest.   Thereafter, Defendant obtained the proper

authorization to retrieve the contents of the phone, as well as the cell site and call detail records.

Defendant has provided:

  1) a search warrant issued for the contents of the phone that was signed by
    Circuit Court Judge Sharon Burrell on December 4, 2014 (ECF No. 63-5);[1]

  2) the "Probable Cause Order" issued by a state judge permitting access to the
    cell site and call detail records of the subject phone. (ECF No. 63-6).

   Plaintiff constructs an argument based on the recent decision of Carpenter v. United

States, 138 S. Ct. 2206, 201 L. Ed. 2d 507 (2018).  Carpenter made clear that a search warrant

---

[1]   While only the "application" is provided, it is clear a warrant was issued.  The issuing judge executed an "oath" regarding the personal appearance of the affiant (Detective JM Gallagher) on the same date and referenced the application.  Moreover, there is an executed return filed in the same court in a timely fashion.

supported by probable cause was required to obtain historical data from a suspect's phone which effectively was serving as a tracking device.

The conduct at issue here predates the <u>Carpenter</u> decision by the Supreme Court. Nonetheless, both the Probable Cause Order for the cell site and call detail records, as well as the application for a warrant to search Plaintiff's phone were supported by the very probable cause standard announced in <u>Carpenter</u> some four years later.

Even if Defendant failed to establish the existence of probable cause, Defendant correctly relies upon the case that is dispositive of this issue, namely <u>United States v. Chavez</u>, 894 F. 3d 593 (4th Cir. 2018). <u>Chavez</u> makes clear that when detectives reasonable rely upon court orders and the Stored Communications Act in obtaining cell site records, then the "good faith" exception to the exclusionary rule prohibits a retroactive invalidation of their efforts due to a subsequent change in the law. <u>Id.</u> at 608. There is no basis to attack the objective "good faith" shown by the efforts of Defendant to obtain judicial approval before searching the phone records.

## IV. Conclusion

At the end of the day, Plaintiff's arguments survived Defendant's earlier filed motion to dismiss due to a lack of record support. Defendant has now supplied the requisite materials. Defendant has shown there is no dispute of material fact and that he is entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.


April 3, 2019                                      _____/s/_____
                                                          Charles B. Day
                                                          United States Magistrate Judge